

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-10-2006

# Welteroth v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2036

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Welteroth v. Comm Social Security" (2006). *2006 Decisions.* Paper 1769.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1769

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-2036

———————

MICHAEL F. WELTEROTH,

Appellant

v.

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY

———————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 02-02056)
Honorable Yvette Kane, District Judge

———————

Submitted under Third Circuit LAR 34.1(a)
December 9, 2005

BEFORE:  RENDELL, FISHER and GREENBERG, Circuit Judges
(Filed:   January 10, 2006)

———————

OPINION OF THE COURT

———————

GREENBERG, Circuit Judge.

This matter comes on before this court on an appeal from an order of the district

court entered February 2, 2005, adopting a report and recommendation of a magistrate

judge in this action involving a claim for disability insurance benefits under the Social

Security Act. The magistrate judge recommended that appellant Michael F. Welteroth's appeal from a decision of the Commissioner of Social Security be denied, and thus the district court's order upheld the Commissioner's decision. The district court had jurisdiction under 42 U.S.C. § 405(g), and we have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the order of the district court and over the legal aspects of the Commissioner's decision, but our principal review of the Commissioner's decision is to ascertain if there is substantial evidence in the record supporting the Commissioner's decision. See Newell v. Comm'r, 347 F.3d 541, 545 (3d Cir. 2003); Knepp v. Apfel, 204 F.3d 78, 83 (3d Cir. 2000).

There is no need for us to set forth the background of the matter as the parties are familiar with it. Moreover, there are three opinions in the record setting forth the facts, those of the administrative law judge of June 25, 2002,[1] the magistrate judge of November 28, 2003, and the district court of February 2, 2005. Welteroth makes three contentions on this appeal: (1) the Commissioner's decision was not supported by substantial evidence; (2) the Commissioner did not follow the five-step sequential evaluation set forth in 20 C.F.R. § 404.1520 for determining whether a claimant is disabled; and (3) the Commissioner inappropriately rejected opinion evidence offered by Welteroth's treating physicians in making his decision.

---

[1]There was an earlier decision of the ALJ on November 19, 1999, but we are disregarding it as the hearing leading to the decision was repeated because the record of that hearing was lost.

In reviewing this matter it is important to recognize that Welteroth's alleged disability had an onset date of January 1, 1992, and that his last insured date was December 31, 1995. Consequently, we are concerned principally with his condition during this period, though we recognize that evidence about his condition prior to and after its conclusion could be germane with respect to his condition during that period. In this regard we are perplexed by Welteroth's statement in his brief that he "neither concurs with or disputes the validity of [the Commissioner's] determination that [he] remains insured only through December 31, 1995." Appellant's br. at 7 n.1. In any event, Welteroth does not advance a different date as the date his insurance expired, and the ALJ used the December 31, 1995 date in making his determination. Accordingly, we are deciding the case and treating his insurance as having expired on December 31, 1995.

After our review of this matter, exercising the appropriate standards of review, we find no basis to reverse the order of the district court. We do comment, however, on one aspect of Welteroth's argument. As we have indicated, he contends that the Commissioner did not follow the five-step sequential evaluation procedure in deciding the disability issue as mandated by 20 C.F.R. § 404.1520. It is true that the Commissioner stopped the analysis at the second step when it was determined that Welteroth did not have a severe impairment. Assuming that that finding was correct then the Commissioner acted properly in stopping the evaluation at that point. Accordingly, Welteroth's real complaint on this point is not that the Commissioner did not follow the sequential

evaluation requirement but rather that the Commissioner erred in doing so. But we reject this argument as we do not discern that the Commissioner made any error on a legal or evidential ground in concluding that Welteroth did not have a severe impairment during the germane period.

For the foregoing reasons, the order of February 2, 2005, will be affirmed.

_____